IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

THE Estate of MATTIE DAVIS, by and through
ANNIE TATE, Administratrix for the use and
benefit of the Estate of MATTIES DAVIS, and for
the use and benefit of the wrongful death
beneficiaries of MATTIE DAVIS                                                                   PLAINTIFF

VERSUS                                                               CIVIL ACTION NO. 4:05CV122-P-B

MAGNOLIA HEALTHCARE, INC., et al                                                   DEFENDANT

AND

GULF UNDERWRITERS INSURANCE
COMPANY                                                                             DEFENDANT/GARNISHEE

## ORDER

This cause is before the Court on plaintiff's Motion to Remand [6]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

This cause arises out of a case initially filed in the Circuit Court of Leflore County, Mississippi. Annie Tate brought the underlying case in her representative capacity as administratrix of the estate of Mattie Davis against Magnolia Healthcare, Inc. (hereafter "Magnolia"), Foundation Health Services, Inc. (hereafter "Foundation") and numerous other defendants alleging that Mattie Davis sustained personal injuries which lead to her death while a resident of the Pemberton Manor nursing home in Greenwood, Mississippi. The parties in the underlying case reached a settlement. On December 23, 2004, the plaintiff obtained an Order of Final Judgment against the named defendants in that suit.

Thereafter, on May 17, 2005, plaintiff filed a "Suggestion for Writ of Garishment on Judgment or Enrolled Decree" in which she sought a writ of garnishment against Gulf Underwriters Insurance Company (hereafter "Gulf") in the amount of $100,000.00 in an effort to collect under a liability policy issued to one or more of the defendants in the underlying action. The Clerk for the Circuit Court of Leflore County issued the writ on May 18, 2005. Plaintiff served Gulf with the Suggestion for Writ of Garnishment or Enrolled Decree and the Writ of Garnishment on May 26, 2005.

Gulf responded on May 27, 2005 by removing the action to the Northern District of Mississippi, Greenville Division based on 28 U.S.C. §§ 1332 and 1441(a). Defendant avers that the garnishment proceeding amounts to an independent suit for removal purposes.[1] As a further matter, Gulf asserts that there is complete diversity between plaintiff and itself and the amount in controversy exceeds the jurisdictional minimum required by § 1332.

The plaintiff filed a timely motion to remand in which she contends this Court lacks subject matter jurisdiction. The matter has been fully briefed and is ripe for decision.

The plaintiff is a citizen of Mississippi. Gulf is incorporated under the laws of Connecticut and has its principal place of business in New York. As defendant Magnolia is a Mississippi corporation which has its principal place of business in Louisiana, complete diversity is lacking for purposes of subject matter jurisdiction. Hence, the propriety of removal turns on whether Magnolia

---

[1] "Garnishment actions against third parties are construed as independent actions from the primary action which established the judgment debt." Berry v. McLemore, 795 F.2d 452, 455 (5th Cir. 1986). Because garnishment writs "are in effect suits involving a new party litigating the existence of a new liability," removal is a matter of federal right. Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

was fraudulently joined for the purpose of defeating federal jurisdiction.[2] [3]

Gulf avers that Magnolia is not a proper defendant in the garnishment action and should be disregarded for diversity purposes. In the first instance, Magnolia is not a named insured under the policy at issue–Foundation, Magnolia's parent company, is listed as the insured on the declarations page. Plaintiff's brief refutes the terms of the policy with what is essentially an estoppel argument. It is unnecessary for the Court to address this issue on its merits at the present time. More important, however is Gulf's contention that Magnolia's interest in having the judgment against it satisfied by Gulf requires that Magnolia be realigned with the Davis' estate, the judgment creditor, as a party plaintiff for jurisdictional purposes. Boston v. Titan Indemnity Co., 34 F. Supp.2d 419 (N.D. Miss. 1999). See also Moore v. Sentry Insurance Company, 399 F. Supp. 929 (S.D. Miss. 1975). Based on the reasoning articulated in the cited cases, the Court finds defendant Gulf's argument well-taken. Magnolia's realignment as a plaintiff obviates any diversity problem.

However, plaintiff urges that Magnolia's realignment as a party plaintiff does not so easily dispose of the jurisdictional challenge before the Court. Plaintiff argues that the provisions 28 U.S.C.§ 1332(c)(1) require that Gulf be deemed a citizen of Mississippi, again destroying diversity.[4]

---

[2] Plaintiffs concede that the amount in controversy exceeds § 1332's jurisdictional minimum.

[3] The citizenship of a fraudulently joined defendant must be disregarded when considering whether the diversity requirement is satisfied. Badon v. R.J.R. Nabisco Inc., 224 F.3d 382, 389 (5th Cir.2000).

[4] Plaintiff's argument assumes a point in controversy, e.g., Magnolia's status as an insured under the policy. Because the Court concludes infra that a garnishment proceeding is not a direct action within the meaning of § 1332(c)(1), it is unnecessary for the Court to address that point of contention.

3

The statute provides:

> For the purposes of this section and section 1441 of this title–
>
> > (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business . . . .

28 U.S.C. § 1332(c)(1).

Plaintiff cites Boston v. Titan Indemnity Company, 34 F. Supp.2d 419 (N.D. Miss. 1999) as authority for the proposition that the instant garnishment action is a direct action for purposes of § 1332(c)(1). Defendant cites a case from the Southern District of Mississippi as support for the opposite conclusion. Freeman v. Walley, 276 F. Supp.2d 597 (S.D. Miss. 2003). The district court's decision in Boston rests on a single isolated quote from the Fifth Circuit's decision in Hernandez v. The Travelers Insurance Company, 489 F.2d 721 (5th Cir. 1974): "Whatever may have been the specific evil prompting congressional action in 1964, Congress chose to remove all direct actions from the diversity jurisdiction." Hernandez, 489 F.2d at 723. Freeman, by contrast, relied on reasoning articulated in an earlier portion of the same appellate decision:

> Congress intended that wherever a party claiming to have suffered injuries or damage for which another is legally responsible is entitled to sue the other's liability insuror [sic] without joining the insured **and** without having first obtained a judgment against the insured, the insurer shall be deemed a citizen of the State of which the insured is a citizen . . . .

Hernandez, 489 F.2d at 723 (quoting from Vines v. United States Fidelity & Guaranty Co., 267 F. Supp. 436, 438-39 (E.D. Tenn. 1967) (emphasis added). The Court in Freeman found that because it is a statutory method of executing a prior judgment against a judgment debtor, the second

4

condition imposed by Hernandez remains unsatisfied and therefore a garnishment action is not a direct action as contemplated by § 1332(c)(1).  After careful review of both cases, as well as the Hernandez decision which serves as the foundation for both opinions, the Court concludes that the view espoused in Freeman is the better reasoned of the two and adopts it herein.

Accordingly, the Court finds that the arguments advanced by plaintiff in support of the Motion to Remand are without merit.  The exercise of removal jurisdiction is proper pursuant to 28 U.S.C. §§ 1332 and 1441.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion to Remand [6] is not well-taken and should be, and hereby is, DENIED.  IT IS FURTHER ORDERED that Magnolia Healthcare, Inc. should be, and hereby is, REALIGNED as a party plaintiff.  IT IS FURTHER ORDERED that the stay imposed by the Magistrate Judge pending a ruling on the instant motion is hereby LIFTED.  IT IS FURTHER ORDERED that the parties are to contact the assigned magistrate judge concerning the entry of a scheduling conference within ten (10) days of the entry of this Order.

SO ORDERED, this the 23rd day of June, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE